## MIAMI CONSERVANCY DISTRICT v SILVEY, et

Ohio Appeals, 2nd Dist, Montgomery Co
No 983. Decided July 12, 1930

U. S. Martin, Dayton, for Appellant.
McMahon, Corwin, Landis & Markham, Dayton, for Mary O. Silvey, Appellee.

ALLREAD, J.

The first question presented on appeal is that the judgment of the Court of Common Pleas, Division of Domestic Relations, is void for the reason that it involved jurisdiction other than that of the Domestic Relations. This is a question upon which there has been considerable conflict in the cases. The Court of Common Pleas is one of the principal county courts as recognized by the constitution of the State of Ohio. In a county like Montgomery County where there is a large amount of business it has been usual to make a division of the duties consequently the chancery cases may be assigned to one Judge and the jury and other cases may be assigned to other Judges. These assignments, however, are not by virtue of the statute but by virtue of the inherent power of the Judges. In creating the additional judgeship of the Court of Common Pleas there was assigned in the statute to the judgeship the Division of Domestic Relations. This was intended by the legislature to cover a large number of cases which involved directly or indirectly the domestic relations. At the end of the statute there is a provision that in case of the sickness or incapacity of the Judge of the Court of Common Pleas, Division of Domestic Relations one of the other Judges of the Court of Common Pleas should be assigned to that division. While we do not, in this opinion, decide that any kind of a case may be transferred to the Division of Domestic Relations the case involved here is a case which grows out of that relation. The suit before Judge Baggott was clearly one in which the Court of Domestic Relations could take jurisdiction. There may be some doubt upon the face of the petition but taking the case as a whole we are clearly of opinion that it fell within the jurisdiction of a Judge having the Domestic Relations Division to administer. No objection was made to the jurisdiction of Judge Baggott. He presided over the Division of Domestic Relations. We are clear, therefore, that Judge Baggott had jurisdiction over this action and was authorized to render the judgment of $2,000.00. We have no evidence before us that would tend to constitute a defense to the action of $2,000.00 tried before Judge Baggott. We are, therefore, to assume that the amount of that judgment is correct.

The next question relates to the averments of the answer in this case to the effect that the judgment before Judge Baggott was upon a cause of action trifling in its nature and that the judgment is irregular and void. Taking into consideration the nature of the Court to which the plaintiff appealed, we cannot escape the conclusion that these averments are not intended to raise the question of the validity of the judgment in a collateral proceedings but are those used in reference to a judgment to be opened up in the Court in which the case was tried. There are no statements of facts in the record in that case which would justify the conclusion that the judgment was void.

It is urged that the judgment was rendered by Judge Baggott after the death of the son, Thomas L. Silvey, and that at that stage the case involved the same cause of action as was decided in the case of **Pretzinger v. Pretzinger, 45 Oh St, 452;** nevertheless, it was an action growing out of the Domestic Relations, to-wit, the liability of the husband for the support of a deceased son of the wife. This was, therefore a case before the Division of Domestic Relations.

Another question is raised as to the failure to have before the Court the two necessary parties, to-wit, Catherine Silvey and Velma Thompson. Catherine Silvey, we find, was made a party in this case to the petition and was brought in by affidavit and

publication. She is, therefore, constructively before the Court. Velma Thompson came in as an assignee of the Miami Conservancy District and is, therefore, in Court constructively as to said judgment. She took the judgment of the Miami Conservancy District during the progress of the case and is, therefore, bound by the action of this Court unless she comes in and makes defense. She is in no sense a stranger to the record of the case. It is well settled that a party taking an assignment of an interest in a lawsuit is bound to come in and defend his interest. The litigants in any particular case are not bound to make new parties every time a judgment is assigned. That would be a burden not contemplated and not necessary in a case.

Upon full consideration we have reached the conclusion that the judgment was rendered by the Court having jurisdiction of the subject matter and that the allegations of the answer in this case do not tend to impeach the validity of the judgment and are not an equitable defense thereto.

We are, therefore, of opinion that this Court should uphold the validity of judgment of the Court of Common Pleas, Division of Domestic Relations.

Kunkle, PJ, and Hornbeck, J, concur.